## McIntyre Will Case.

RECORD ON APPEAL: PRESUMPTION. (1) *Presumption in favor of order refusing to set aside judgment of previous term.* (2) *Presumption in favor of verdict.*

1. An order refusing to set aside a judgment of the previous term, must be affirmed, on appeal, unless it appears positively from the record that the appellant showed himself entitled to the relief upon some of the grounds mentioned in the statute. (Sec. 38, ch. 125, R. S.)
2. Where it appears, on such an appeal, that the judgment was founded on a verdict, and the bill of exceptions is not certified to contain all the evidence on which such verdict was based, it must be *presumed* that the verdict was correct.

APPEAL from the Circuit Court for *Columbia* County.

*Charles McIntyre* presented to the Columbia county court a writing purporting to be the last will and testament of Patrick McIntyre, deceased, and prayed that the same be admitted to probate as such.     After a hearing, the county court denied the application, and the proponent appealed from such determination to the circuit court.

The circuit court thereupon submitted to a jury certain questions of fact, which, with the findings of the jury thereon, are as follows:

1. Was Patrick McIntyre, on the 26th day of December, 1873, when the will in question purporting to be his will was made, of sound mind?     *Ans.*     No.

2. Was he at the time free from undue influence?     *Ans.*     No.

3. Was said will duly executed?     *Ans.*     No.

The circuit court approved the findings, and gave judgment affirming the order of the county court refusing to admit the instrument to probate as the last will and testament of the deceased.

At the next term of the circuit court, the appellant moved,

on a case, for a new trial of the issues; and this appeal is from an order denying the motion.

*John Brickwell* and *Harvey Briggs*, for appellant, argued that, the *case* having been accepted as made and settled, and having been argued without objection before the court below, it is now too late for respondent to object that it does not purport to contain all the evidence. *Jones v. Evans*, 28 Wis., 168; *Carroll v. More*, 30 id., 574.

*T. L. Kennan*, *contra*, argued that, as the *case* did not state that it contained all the evidence, this court would not consider whether the verdict was against the weight of evidence; and that the circuit court had no power, after the term at which the judgment was regularly entered, to set it aside. *Scheer v. Keown*, 34 Wis., 350.

Lyon, J. The record fails to disclose the grounds upon which the motion for a new trial was based. Having been made at a term subsequent to that at which the judgment was rendered, the court had no authority to disturb the judgment, unless the appellant brought himself within the provisions of sec. 38, ch. 125, R. S., that is, unless he showed that the judgment was the result "of his mistake, inadvertence, or surprise, or excusable neglect." The record being silent on the subject, we must presume, in favor of the correctness of the decision of the circuit court, that he failed to make such showing.

This consideration alone is a conclusive reason why the order denying a new trial of the issues should be affirmed. But there is another conclusive reason for affirmance. The case, or bill of exceptions, does not purport to contain all of the testimony, and, for a reason already indicated, we must presume that there was evidence sufficient to support the verdict. We are satisfied, however, upon the evidence contained in the case or bill, that the verdict is correct, and no resort to presumption is necessary to sustain it.

The foregoing principles have been so frequently asserted

and applied by this and other courts, that it is unnecessary to refer to adjudged cases to support them.

*By the Court.* — Order affirmed.

RYAN, C. J., took no part in the decision of this cause.